Dodaj v Total Concrete Flatwork, LLC

2026 NY Slip Op 02776

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Alvaro Dodaj et al., Plaintiffs-Respondents,

v

Total Concrete Flatwork, LLC, Defendant-Appellant, Total Property Care Doing Business as Total Concrete, et al., Defendants, Manuel A. Ramos et al., Defendants-Respondents.

Decided and Entered: May 05, 2026

Index No. 803790/24|Appeal No. 6521|Case No. 2025-02986|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant.

[*1]

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about April 15, 2025, which denied defendant Total Concrete Flatwork, LLC's motion pursuant to CPLR 3211(a)(1) and (7) or, alternatively, for summary judgment dismissing the complaint and cross-claims against it, unanimously modified, on the law, to grant the motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and cross-claims against Total Concrete Flatwork, LLC.

While the court properly denied defendant Total Concrete Flatwork, LLC's (TCF) motion to the extent made pursuant to CPLR 3211, it should have granted the alternative relief for summary judgment dismissing the complaint and cross-claims against it. In this action involving a motor vehicle accident, TCF established prima facie that it did not own, operate, or control the subject vehicle (see Vehicle and Traffic Law § 388; see e.g. Bunn v City of New York, 166 AD3d 491, 491-492 [1st Dept 2018]), and that it had no employment relationship with defendant driver. TCF is a corporate entity separate and apart from codefendant Total Property Care, doing business as Total Concrete (see Stanorski v Byrne Bros., 82 AD2d 746, 746 [1st Dept 1981]; see also Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141 [1993]; Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 34 NY3d 600, 604 [2019]). Plaintiffs and codefendants failed to raise a triable issue of fact, particularly as Total Property Care admitted ownership and permissive use of the vehicle by the driver.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026